[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12606
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cr-00240-MHT-WC-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,


versus


DOMINGO MIGUEL MORALES-SEBASTIAN,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 21, 2013)

Before DUBINA, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Domingo Morales-Sebastian appeals his 20-month sentence, which the district court imposed after he pleaded guilty to one count of illegal re-entry, in violation of 8 U.S.C. § 1326(b).  After careful review, we affirm.

After Morales-Sebastian pleaded guilty, the probation officer prepared a presentence investigation report (PSI) calculating his base-offense level of 8, under U.S.S.G. § 2L1.2(a).  Because Morales-Sebastian previously had been deported after a prior conviction for a crime of violence, the PSI applied a 12-level enhancement.  *Id.* § 2L1.2(b)(1)(A)(ii).  With a 3-level reduction for acceptance of responsibility, his total offense level was 17.  Because Morales-Sebastian's criminal-history category was I, his ultimate guidelines range was 24-30 months' imprisonment.  The district court adopted the PSI's calculations but ultimately sentenced Morales-Sebastian to a below-guidelines sentence of 20 months.  This is Morales-Sebastian's appeal.

We review the substantive reasonableness of a sentence under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, deter criminal conduct, and protect the public from the defendant's potential future criminal conduct.  18 U.S.C. § 3553(a)(2).  And the court must consider the nature and circumstances of the offense, the

2

history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the relevant policy statements of the sentencing commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

Morales-Sebastian contends his sentence is unreasonable because the 12-level enhancement for his prior burglary conviction and subsequent deportation is unduly harsh because that conviction occurred over a decade ago.  He asserts that § 2L1.2(b)(1)(A)(ii)'s enhancement is not supported by empirical evidence that double-digit enhancements are warranted and, as a result, defendants sentenced under that provision are essentially punished again for a previous offense.  Based on this injustice and on his history and characteristics, Morales-Sebastian argues, the district court abused its discretion in varying downwards by only four months.

We cannot agree that, in light of the district court's thorough reasoning at sentencing, its ultimate sentence amounted to an abuse of discretion.   The district court detailed Morales-Sebastian's mitigating personal circumstances — he came into the country as a child, not by his own choice — and weighed those factors against the severity of his criminal history.  The court agreed with Morales-Sebastian that the enhancement was harsh in light of "the age of the underlying offense" and, resultantly, sentenced him below his guidelines range, finding "the sentence imposed is sufficient but not greater than necessary to comply with" the

3

factors in § 3553(a).  Based on the totality of the circumstances, which the district court carefully considered, we cannot say the court imposed a sentence that lies outside the range of reasonable sentences.

**AFFIRMED.**